**GARY W. BRADCOCK, Plaintiff**

**v.**

**AMERICAN SAMOA GOVERNMENT, Defendant**

High Court of American Samoa
Trial Division

CA No. 184-94

May 26, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Tate J. Eldridge
 For Defendant, Henry W. Kappel, Assistant Attorney
 General

Order Granting Motion for Summary Judgment:

## FACTS

Plaintiff Gary W. Bradcock ("Bradcock") was injured on January 7, 1992, while returning to the vessel where he was employed as Chief Engineer, and alleges that the injury resulted from an attack by an unknown assailant wielding a golf club. Bradcock claims that defendant, American Samoa Government ("ASG"), was negligent in the duty to provide adequate security for the waterfront area.

On September 30, 1993 Bradcock filed a government tort claim with ASG pursuant to A.S.C.A. § 43.1202 *et seq*. This claim was effectively denied on December 30, 1993, because three months had elapsed since the filing of the claim with no reply by ASG. A.S.C.A. § 43.1205(a). On October 25, 1994, Bradcock filed this action. On January 6, 1995, ASG moved

for summary judgment on the ground that the two-year limitation period prescribed in A.S.C.A. § 43.1204 had expired.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. T.C.R.C.P., Rule 56. It may be invoked only when "no genuine issue as to any material fact" exists. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-250 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322-24 (1986). To determine that no material fact exists, the facts must be "beyond dispute," even though the non-moving party's factual assertions, supported by discovery material are presumed to be true, and that all inferences are construed in a light most favorable to the non-moving party. *Ah Mai v. American Samoa Gov't*, 11 A.S.R. 2d 133, 136 (Trial Div. 1989); *see also Lokan v. Lokan*, 6 A.S.R. 2d 44, 46 (Trial Div. 1987); *U.S. v. Diebold*, 369 U.S. 654 (1952)

## DISCUSSION

The issue of whether Bradcock's petition is barred by the statute of limitations is determined by the date his claim accrued, and whether the filing of his prerequisite administrative claim with ASG under A.S.C.A. § 43.1205 constituted the commencement of an action within the meaning of A.S.C.A. § 43.1204, thereby tolling the statute of limitations. In support of his opposition to ASG's motion, Bradcock cites *Mataipule v. Tifaimoana*, 16 A.S.R.2d 48, 55 (Trial Div. 1990), for the proposition that for purposes of A.S.C.A. § 43.1204, his claim only accrued when his administrative claim was denied, on December 30, 1993.

*I. Claim Accrual*

In *Mataipule v. Tifaimoana*, 16 A.S.R.2d 48, 49 (Trial Div. 1990), plaintiffs filed an administrative claim within two years of plaintiff's injury, but at a time when less than three months of the two-year period remained. The Attorney General denied the claim after the two-year period following the injury had lapsed. *Id.* at 49.

These facts presented the issue of whether a government tort claim accrues at the time of injury or on the date that the administrative claim is denied. On this question, "we [held] that for purposes of A.S.C.A. § 43.1204 a claim accrues when the administrative claim is denied." *Id.* at 55. The continuing vitality of this holding, however, has been questioned

in dicta in *Randall v. American Samoa Government*, 19 A.S.R.2d 111, 116 (Trial Div. 1991), pointing out that it could "have the odd effect of giving injured persons an indefinite amount of time in which to sue, since the Government Tort Liability Act does not specify a time limit for bringing administrative claims." While making its ruling the *Mataipule* court also expressed concern that such a ruling might allow a plaintiff to "dawdle indefinitely" without worrying about the limitations period. *Mataipule,* 16 A.S.R.2d at 53. To answer this concern, the *Mataipule* court declared that plaintiffs carry a legal duty to file administrative claims within a "reasonable time" or they will be barred by the doctrine of laches. *Id.* at 55. The *Randall* Court pointed out that, even if "a separate two-year limit for bringing the administrative claim could be imposed by analogy, the effect would be to give people injured by government employees four and one-half years to sue, in curious contrast to the two years given those who have been injured by private persons." *Randall,* 19 A.S.R.2d at 116. This scenario may well be the practical result of the *Mataipule* rule, which may someday need to be revisited.[1] In the present case, the suit was filed two years, nine months and seventeen days following the accident. Bradcock waited almost twenty-one months before filing his administrative claim, and after it was denied, waited almost 10 months to file this lawsuit. If we permit Bradcock to file his claim twenty-one months after the injury, and then allow him a fresh two years after the claim's denial to file his lawsuit, the result would, indeed, be to provide a four-year statute of limitations as feared in *Randall*, at 116. We need not reach the question of overruling *Mataipule* since Bradcock's claim is barred by the doctrine of laches, regardless of whether we hold that it accrued at the time he knew the essential facts about his injury, as suggested in *Randall*.

---

[1] If the Fono made a plain legislative pronouncement creating a limitation period for the filing of an administrative claim under the G.T.L.A., and indicating the time period after denial of the administrative claim within which a lawsuit must be commenced, this conjecture and confusion about how to apply the statute of limitations, in light of the mandatory administrative claim, would be eliminated. As we stated in *Mataipule*:

> The G.T.L.A. is apparently wanting and requires fixing, but that is a task constitutionally assigned to the Fono. Congress has clarified the enactments dealing with government tort liability at the federal level. The G.T.L.A. only partly reflects its federal counterpart in that the imposition of an administrative review requirement was not accompanied by a corresponding change in the limitations period.

*Mataipule* was decided almost five years ago, but the Fono has apparently not picked up our cue. We believe, however, that until the legislature exercises its line-drawing function, the exercise of enforcing the statute of limitations in light of G.T.L.A.'s administrative review requirement will remain a hazardous one.

## II. Tolling

■ *Mataipule's* "alternative holding," which was embraced in *Randall*, 19 A.S.R.2d at 117, is clearly valid law, and was a sufficient basis in itself for the decision in *Mataipule*.

> The administrative claim was required by statute as part and parcel of plaintiff's remedial course, which would culminate in a lawsuit upon an unfavorable administrative decision. We hold that filing the claim with the Attorney General constituted the beginning of an action within A.S.C.A. § 43.1204, as the administrative claim was not an independent action but was the first and mandatory step in plaintiff's recourse to the courts.

*Id.* at 56. The foregoing rule operates to toll the statute of limitations during the period that a timely filed claim is before the Attorney General. *Randall*, 19 A.S.R.2d at 117; *Mataipule* 16 A.S.R.2d at 56. Since one year, eight months and 23 days passed between Bradcock's injury and his administrative claim, and more than nine months passed between denial of the administrative claim and this lawsuit, we hold that the two-year limitation period had expired when Bradcock filed the action and is, therefore, legally barred. Finding that Bradcock's claim is barred by laches regardless of its accrual date, and that he is late in filing this action even if the limitation period is tolled during the pendency of the administrative claim, the motion for summary judgment is granted.

It is so ordered.